[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-16392
Non-Argument Calendar
_____

D.C. Docket No. 2:14-cr-00432-AKK-WC-9


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

AARON KEITH REYNOLDS,
a.k.a. Key,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(June 20, 2017)

Before WILSON, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

Aaron Reynolds appeals his 48-month sentence, imposed after a jury found him guilty of possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  At the time of his sentencing, Reynolds's trial judge was unavailable, so the judge transferred his case to a different judge (the sentencing judge).  On appeal, Reynolds argues that (1) the trial judge's decision to reassign his case was improper and (2) the sentencing judge should have transferred the case back to the trial judge because the sentencing judge was not familiar with the trial record.  After careful consideration of the record and the parties' briefs, we find both arguments unavailing.

I

The trial judge did not err in reassigning Reynolds's case.  Under the Federal Rules of Criminal Procedure, "[a]fter a verdict or finding of guilty, any judge regularly sitting in or assigned to a court may complete the court's duties if the judge who presided at trial cannot perform those duties because of absence, death, sickness, or other disability."  Fed. R. Crim. P. 25(b)(1).  "Because [the trial judge] became absent at the time of sentencing, reassignment of the case to [the sentencing judge] was proper under Rule 25."  *See United States v. Dowd*, 451 F.3d 1244, 1256 (11th Cir. 2006).

II

The sentencing judge did not err in presiding over Reynolds's sentencing. The judge "was sufficiently familiar with [Reynolds']s trial to sentence him." *See id.* First, prior to Reynolds's sentencing hearing, testimony from his trial was filed with the district court for consideration by the sentencing judge, and the sentencing judge conducted sentencing hearings for several of Reynolds's co-defendants. Second, at the sentencing hearing, the sentencing judge (1) heard testimony from multiple witnesses, including testimony from a key trial witness which overlapped with the witness's trial testimony; (2) noted that he reviewed both Reynolds's Presentence Investigation Report and Reynolds's sentencing memorandum; and (3) engaged in colloquy with counsel about Reynolds's trial. Finally, the sentencing judge, during the colloquys with counsel, demonstrated familiarity with relevant trial issues and indicated that Reynolds's sentencing memorandum assisted him in familiarizing himself with the case. "[T]his record contains ample evidence that [the sentencing judge] was familiar enough with the trial to impose [a] sentence. *See United States v. Caraza*, 843 F.2d 432, 437 (11th Cir. 1988) (per curiam).

III

Because neither the trial judge nor the sentencing judge erred, we affirm.

**AFFIRMED.**

3